1
2
3
4
5
6
7

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD EDWARD SPEARMAN,

Plaintiff,

v.

SAM BERRI TOWING, et al.,

Defendants.

No.  2:21-CV-1214-WBS-DMC-P

<u>ORDER</u>

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.

On September 8, 2021, the Court issued findings and recommendations that this action be dismissed for failure to state a claim. <u>See</u> ECF No. 9.  The Court stated:

> Plaintiff names Sam Berri Towing and a number of individuals as defendants.  None are government employees or agencies.  Plaintiff alleges that Defendants stole his 1993 Nissan and then tried to sell it online.  Plaintiff also claims Defendants stole his grandfather's file, account information, and real estate portfolio.
> 
> Plaintiff's complaint suffers two critical defects.  First, it fails to name an individual acting under color of state law.  Second, it fails to allege a violation of a constitutional or federal statutory right, instead alleging only a state law tort claim for defamation.  To state a claim under § 1983 Plaintiff must "plead that (1) the defendants acting under color of state law  (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986); <u>see also</u> <u>Pistor v. Garcia</u>, 791 F. 3d 1104, 1114 (9th Cir. 2015); <u>Long v. Cty. of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>WMX Techs., Inc. v. Miller</u>, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); <u>Ortez</u>

1

v. Wash. Cty., Or., 88 F.3d 804, 810 (9th Cir. 1996).  Here, Plaintiff does neither.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

ECF No .9, pg. 2.

In his objections to the Court's findings and recommendations, Plaintiff now alleges that Sam Berri Towing is the contracted towing company for the California Highway Patrol (CHP) and that CHP officers conspired with Sam Berri Towing and other named defendants to steal his car.  See ECF No. 10.  According to Plaintiff, the conspiracy renders Sam Berri Towing and the other defendants state actors for purposes of § 1983.  See id.  Because Plaintiff is correct that private actors who conspire with state officials may be acting under color of state law, see Tower v. Glover, 467 U.S. 914, 920 (1984), the Court will vacate the findings and recommendations and re-address Plaintiff's complaint in light of the allegations set forth in Plaintiff's objections.  The sufficiency of Plaintiff's complaint is addressed separately.

Accordingly, IT IS HEREBY ORDERED that the September 8, 2021, findings and recommendations are vacated.

Dated:  September 29, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE