IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN,<br><br>Plaintiff,<br><br>v.<br><br>SAM BERRI TOWING, et al.,<br><br>Defendants. | No. 2:21-CV-1214-WBS-DMC-P<br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
2  with at least some degree of particularity overt acts by specific defendants which support the
3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4  impossible for the Court to conduct the screening required by law when the allegations are vague
5  and conclusory.
6     Plaintiff names Sam Berri Towing and a number of individuals as defendants.
7  None are government employees or agencies.  Plaintiff alleges that Defendants stole his 1993
8  Nissan and then tried to sell it online.  Plaintiff also claims Defendants stole his grandfather's file,
9  account information, and real estate portfolio.
10    Plaintiff's complaint suffers two critical defects.  First, it fails to name an
11 individual acting under color of state law.  Second, it fails to allege a violation of a constitutional
12 or federal statutory right, instead alleging only a state law tort claim for defamation.  To state a
13 claim under § 1983, Plaintiff must "plead that (1) the defendants acting under color of state law
14 (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United
15 States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also Pistor v. Garcia, 791 F. 3d 1104, 1114 (9th
16 Cir. 2015); Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); WMX Techs., Inc.
17 v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); Ortez v. Wash. Cty., Or., 88 F.3d 804, 810
18 (9th Cir. 1996).  Here, Plaintiff does neither.
19    In objections to findings and recommendations issued on September 8, 2021,
20 Plaintiff claims that Sam Berri Towing is the contract towing company for the California
21 Highway Patrol (CHP) and that Sam Berri Towing and the other defendants are liable because
22 they conspired with CHP officers to deprive Plaintiff of his property.  See ECF No. 10.  Plaintiff
23 also states that CHP is named as a defendant to this action.  See id.
24    Plaintiff's complaint makes no reference to the CHP or any of its officers.  To the
25 extent, however, Plaintiff may be able to include allegations showing that CHP officers conspired
26 with Sam Berri Towing or any of the other named defendants, Plaintiff may be able to state a
27 claim.  Plaintiff will be provided an opportunity to amend.
28 ///

1	Because it is possible that the deficiencies identified in this order may be cured by
2	amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
3	action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
4	informed that, as a general rule, an amended complaint supersedes the original complaint. See
5	Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
6	amend, all claims alleged in the original complaint which are not alleged in the amended
7	complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
8	Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make
9	Plaintiff's amended complaint complete. See Local Rule 220.  An amended complaint must be
10	complete in itself without reference to any prior pleading. See id.
11	If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
12	conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See
13	Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
14	each named defendant is involved, and must set forth some affirmative link or connection
15	between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d
16	164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
17	Finally, Plaintiff is warned that failure to file an amended complaint within the
18	time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at
19	1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
20	with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
21	See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
22	/ / /
23	/ / /
24	/ / /
25	/ / /
26	/ / /
27	/ / /
28	/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: September 29, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4