UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAM BERRI TOWING, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00086-SKO (PC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FOR A FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Reginald Edward Spearman, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.  BACKGROUND**

Plaintiff filed his original complaint on July 9. 2021, in the Sacramento Division of this Court. (Doc. 1.)

On September 29, 2021, Magistrate Judge Dennis M. Cota issued an Order dismissing Plaintiff's original complaint with leave to amend. (Doc. 12.)

//

//

1       On October 18, 2021, Plaintiff filed his first amended complaint.[1] (Doc. 13.)

2       On January 21, 2022, Magistrate Judge Cota issued an Order transferring the matter from the Sacramento Division to the Fresno Division pursuant to Local Rule 120, noting "the alleged civil rights violation took place in Calaveras County, which is within the boundaries of the Fresno division ...." (Doc. 14.) That same date, the Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case. (Doc. 15.) Both documents were served on Plaintiff at his address of record with this Court: the Rio Consumnes Correctional Facility.

3       On February 15, 2022, the docket reflects both orders previously served upon Plaintiff on January 21, 2022, were returned by the United States Postal Service marked as undeliverable, unable to forward, and "not in custody."

## II.   DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

According to the Court's docket, Plaintiff's address change was due no later than April 25, 2022. A total of 70 days has elapsed since the mail directed to Plaintiff was returned to the Court marked as undeliverable. Plaintiff has failed to file a change of address and has not otherwise been in contact with the Court.

//

---

[1] At the time he filed his original complaint, Plaintiff was being held at the Sacramento County Main Jail. At the time he filed his first amended complaint, Plaintiff was being held at the Rio Consumnes Correctional Center in Elk Grove, California.

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

1    "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's order, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *In re PPA,* 460 F.3d at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III.    CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this action. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 26, 2022**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE