# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN,<br><br>Plaintiff,<br><br>v.<br><br>SAM BERRI TOWING, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00086-JLT-SKO (PC)<br><br>ORDER DENYING MOTION TO REOPEN CASE<br><br>(Doc. 20) |

Plaintiff Reginald Edward Spearman asks the Court to reopen this closed case. (Doc. 20.)

Plaintiff initiated this action on July 9, 2021, by filing a complaint in the Sacramento division of this Court.[1] (Doc. 1.) On September 8, 2021, Magistrate Judge Dennis M. Cota issued Findings and Recommendations to dismiss the action for failure to state a claim. (Doc. 9.) On September 16, 2021, Plaintiff filed objections to the Findings and Recommendations. (Doc. 10.) On September 29, 2021, the Court issued an Order vacating the Findings and Recommendations (Doc. 11) and an Order dismissing Plaintiff's complaint with leave to amend (Doc. 12). On October 18, 2021, Plaintiff filed his first amended complaint. (Doc. 13.)

On January 21, 2022, the Court issued an Order transferring this action from the Sacramento division to the Fresno division, as the allegations giving rise to Plaintiff's claims took place in Calaveras County, which falls within the area served by the Fresno division. (Doc. 14.)

---

[1] The action was originally assigned case number 2:21-cv-01214-DMC (PC).

1  That same date, this Court issued its First Informational Order In Prisoner/Civil Detainee Civil
2  Rights Case, reflecting case number 1:22-cv-00086-SKO (PC). (Doc. 15.)

3  On February 15, 2022, the orders issued on January 21, 2022, were returned by the United
4  States Postal Service marked as "Undeliverable, Not in Custody, Unable to Forward." (Docket
5  Entry dated 2/15/22.)

6  On April 26, 2022, Magistrate Judge Sheila K. Oberto issued Findings and
7  Recommendations to Dismiss for a Failure to Prosecute. (Doc. 17.) Specifically, the Court found
8  that in failing to keep the Court apprised of his current address, the Court was unable to
9  communicate with Plaintiff and he was failing to prosecute the action. (*Id*. at 2-3.) The Court
10  recommended the action be dismissed without prejudice and provided Plaintiff with 14 days from
11  the date of service within which to file objections. (*Id*. at 3-4.) Plaintiff was advised that a failure
12  to file objections would result in a waiver of his right to challenge the magistrate's findings on
13  appeal, citing to *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). (*Id*.)

14  On May 11, 2022, the April 26, 2022 findings were returned by the United States Postal
15  Service marked as "Undeliverable, Return to Sender, Not in Custody." (Docket Entry dated
16  5/11/22.)

17  On May 19, 2022, the undersigned issued an Order Adopting Findings and
18  Recommendations to Dismiss for a Failure to Prosecute, noting Plaintiff's failure to file a notice
19  of change of address or to take any further action to prosecute this matter. (Doc. 18.) The action
20  was dismissed without prejudice. (*Id*. at 2.) Judgment was entered that same date (Doc. 19) and
21  the case was closed.

22  On March 30, 2023, Plaintiff filed his request to reopen this case, which indicates that he
23  currently is incarcerated at the Sacramento County Mail Jail. (Doc. 20.) Plaintiff argues that the
24  case should be reopened "due to the fact that the mail service here at the jail misshandled [sic]
25  and never sent out my change of address documents." (*Id*.) He asks that "in the interest of justice"
26  the case be allowed to proceed. (*Id*.)

27  Liberally construed, the Court will treat Plaintiff's request as a motion for relief from
28  judgment brought under Federal Rule of Civil Procedure 60(b), which provides in pertinent part:

2

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

A motion under subsections (1), (2), and (3) of the rule must be filed within one year; motions made under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Under the catchall provision of Rule 60(b)(6), the Court has the power to reopen a judgment even after one year. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Entres., Inc. v. Estate of Bishop*, 229 F.3d 977, 890 (9th Cir. 2000) (citations omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks & citations omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted). Further, Local Rule

3

230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Plaintiff's motion does not identify any basis under Rule 60 upon which this Court should reconsider its order dismissing this action. Plaintiff makes no showing of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). To the extent Plaintiff contends the jail "never sent" his "Change of Address document," Plaintiff has not provided a copy of the purported change of address form or referenced the date he allegedly completed and signed such a form and attempted to mail it to this Court. Nor has Plaintiff provided any other evidence of an attempt to mail or file a change of address form, like an outgoing mail log. Plaintiff's contention is vague and conclusory, and therefore, he has not demonstrated injury or circumstances beyond his control. *Harvest*, 531 F.3d at 749. Plaintiff does not allege any newly discovered evidence or fraud. Fed. R. Civ. P. 60(b)(2) & (3). Nor do subsections (4) or (5) of Rule 60(b) appear to be applicable here. In any event, Plaintiff makes no showing in that regard. Finally, the Court finds no other reason justifying relief. Fed. Civ. P. 60(b)(6).

In sum, Plaintiff has not set forth facts or law providing a basis upon which the Court should reverse its prior decision. Fed. R. Civ. P. 60(b); Local Rule 230(j). There are no extraordinary or highly unusual circumstances justifying relief. *Kona Entres., Inc.*, 229 F.3d at 890; *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.  Accordingly, Plaintiff's motion to reopen this action (Doc. 20) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 4, 2023**

UNITED STATES DISTRICT JUDGE

4